15-2206
Zheng v. Lynch

BIA
Christensen, IJ
A200 284 133

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand seventeen.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

DEQING ZHENG, AKA DE QUIN ZHENG,
AKA DE QIN ZHENG,
> *Petitioner,*

> v.                                                  15-2206
>                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Alexander Kwok-Ho Yu, New York, N.Y.

FOR RESPONDENT:           Benjamin C. Mizer, Principal Deputy
                          Assistant Attorney General; Terri J.
                          Scadron, Assistant Director;
                          Christina P. Greer, Trial Attorney;
                          Office of Immigration Litigation,
                          United States Department of Justice,
                          Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Deqing Zheng, a native and citizen of the People's Republic of China, seeks review of a June 12, 2015, decision of the BIA affirming an October 31, 2013, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Deqing Zheng,* No. A200 284 133 (B.I.A. June 12, 2015), *aff'g* No. A200 284 133 (Immig. Ct. N.Y. City Oct. 31, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Zheng's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a negative credibility finding on an

2

asylum applicant's demeanor and inconsistencies or omissions in the applicant's statements and other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the adverse credibility determination in this case.

The IJ reasonably found that Zheng's hesitant and unresponsive demeanor indicated a lack of credibility, rather than "mere nervousness," pointing to specific instances in which Zheng was unresponsive. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (deferring to agency's demeanor finding "in recognition of the fact that the IJ's ability to observe the witness's demeanor places [him] in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question").

The adverse credibility determination is further supported by a record riddled with inconsistencies and omissions. *See*

3

8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 (noting that "[a]n inconsistency and an omission are . . . functionally equivalent" for credibility purposes). For example, Zheng testified inconsistently regarding whether his passport was stamped by Chinese airport officials. His asylum application and initial testimony reported that he received treatment at a hospital for his injuries; but when asked whether he had documentation of that treatment, he changed his claim to say that he was treated at a local clinic that did not provide documentation. Zheng also testified inconsistently regarding the time between his July 2010 arrest and May 2011 departure from China. His asylum application implied that he reported to the police weekly, and his direct testimony was that he lived with his father for that entire period, but Zheng subsequently testified that he reported to the police only twice and fled to another location to avoid arrest. The agency was not compelled to accept Zheng's explanations for these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner 'must do more than offer a "plausible" explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable

4

fact-finder would be *compelled* to credit his testimony.'" (quoting *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 76 (2d Cir. 2004))).

The agency also reasonably concluded that Zheng's corroborating evidence was insufficient to rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Zheng's baptism certificate and the letter from his church in New York were entitled to diminished weight because no witnesses were available for cross examination. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010), *rev'd on other grounds sub nom. Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). And Zheng failed to provide letters from his father or friend in China who introduced him to Christianity; or letters or testimony from his aunt or fellow church members in New York. *See Biao Yang*, 496 F.3d at 273.

Given the demeanor finding, multiple inconsistencies and omissions, and the lack of corroborating evidence, the totality of the circumstances supports the credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because Zheng's claims for relief were all based on the same

5

factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6